STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
Docket No. 01-CV-048

LUCILLE FISCHER,
                    Plaintiff,

        v.                                      ORDER

FIRST COLONY LIFE INSURANCE COMPANY,
                    Defendant.

RECEIVED & FILED

OCT 25 2001
ANDROSCOGGIN
SUPERIOR COURT

Pending before the Court is the Defendant's Motion for Summary Judgment, filed July 10, 2001. A hearing on the motion was held on October 25, 2001. Plaintiff was represented by Sheldon Tepler, Esq., and Defendant was represented by Paul Johnson, Esq.

FINDINGS AND CONCLUSIONS

On November 8, 1990, Kenneth Fischer was injured in a traffic accident. At that time, he was married to Lucille Fischer. The Fischers filed a lawsuit seeking damages for the injuries Mr. Fischer sustained in the accident, and included a loss of consortium claim for Ms. Fisher. That suit ended in November 1995 with a structured settlement agreement between the Fischers and Amcare Medical Services, Inc. The terms of that agreement are contained in a document entitled "Release, Indemnity Agreement and Settlement Agreement" ("Settlement Agreement") that was signed by the Fischers on November 28, 1995. Pursuant to the terms of the settlement, the Fischers received two lump payments in 1995 or 1996. The remainder of the settlement took the form of an annuity for the benefit of Mr. Fischer.

The language of the Settlement Agreement established the annuity, and is critical to the disposition of this case. The relevant portions, found on the first page, read as follows:

AGREEMENT TO MAKE PERIODIC PAYMENT(S)

The Insurer, on behalf of its insured, agrees to make periodic payments to the Claimant and Releasor, Kenneth R. Fischer, as follows:

GUARANTEED MONTHLY PAYMENTS:
$500.00 Per Month for 15 Years CERTAIN & LIFE
Beginning 11/01/95

The above payments constitute damages on account of personal injury and sickness relative to Section 104(a)(2) of the Internal Revenue Code of 1986 as amended.

At the request of Claimant and Releasor Kenneth Fischer, payments shall be made directly to Androscoggin Savings Bank, A.B.A. #2112-7252-0, Account #90002797 N/O ASB Trust Control, Attn: Mary Leavitt, Further Credit Account #55-0018-00, Name of Kenneth Fischer, *for proceeds to be disbursed in accordance with the wishes and agreement of Kenneth Fischer.*

LIMITATIONS OF CLAIMANTS' AND RELEASORS' RIGHTS TO PAYMENTS WITHIN THE MEANING OF IRS RULING 79-220

*The Claimants and Releasors shall be general creditors of the Insurer and shall have no rights of control over the periodic payments. The Claimants and Releasors shall not be able to ACCELERATE, DEFER, INCREASE OR DECREASE the periodic payments and shall not have the power to sell, mortgage, anticipate or encumber these payments, or any part thereof, by assignment or otherwise.*

(emphasis added) Page 3 of the Agreement contains a clause allowing Mr. Fisher to designate a beneficiary in the event of his death. Although Mr. Fischer's attorney notified Smith Barney (apparently the company that administers the annuity) that

2

the designated beneficiary should be Nell Lorraine Cook in a letter dated October 6, 1995, the original Settlement Agreement listed the Estate of Kenneth R. Fischer as the designated beneficiary. It is not clear whether the designation contained in the Settlement Agreement was an error or reflected a change of heart between October 6 and November 28, 1995. However, in a letter dated February 22, 1996, Mr. Fischer changed the beneficiary to Nell Lorraine Cook.

In his October 6, 1995 letter, Mr. Fischer's attorney stated "It is very important that [the monthly payment] is correctly wired to Androscoggin Savings Bank because of the agreements reached between Mr. and Mrs. Fischer." The "agreements" mentioned in that letter apparently refer to Mr. Fischer's agreement to give half of each month's annuity check to his wife. In October 1995, Mr. Fischer had signed a document entitled "Irrevocable Assignment of Interest in Annuity" that purported to make that arrangement with Ms. Fischer. This Assignment was never provided to First Colony.

Starting in November 1995, a $500 check was sent each month to the Androscoggin Savings Bank. The Bank would then divide that sum, sending $250 to Ms. Fischer and $250 to Mr. Fischer. This arrangement continued until Mr. Fischer's death in 1999, although the Fischers divorced sometime in the mid 1990's.

At Mr. Fischer's death, First Colony began paying $500 each month to Ms. Cook, Mr. Fischer's designated beneficiary. Ms. Fischer demanded that First Colony change that arrangement and begin paying $250 to her and $250 to Ms. Cook. First Colony Life Insurance refused to pay Mrs. Fischer, claiming that the non-assignment

3

clause of the Settlement Agreement precluded the attempted assignment to Ms. Fischer. Ms. Fischer filed this action to force First Colony to make the payments she requested.

## DISCUSSION

Motions for summary judgment have been addressed by the Law Court on many occasions:

> In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *(citation omitted)* In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. (citation omitted)

*Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. The issue is not whether there are <u>any</u> disputes of fact, but whether any of the disputes involve a "genuine" issue of "material" fact. *See* Rule 56(c). After reviewing the record provided with these standards in mind, the court must conclude that there are no genuine issues of disputed fact.

As outlined above, Ms. Fischer has argued that Mr. Fischer "assigned" one-half of his monthly annuity payments to her. The Agreement, however, specifically prevents this attempt by restricting Mr. Fischer's <u>power</u> to sell, mortgage, or assign the annuity payments. The language contained in the Settlement Agreement is precisely the language necessary to uphold a non-assignment clause. *Owen v. CNA Insurance*, 771 A.2d 1208 (NJ 2001). In her argument, Ms. Fischer has confused two different issues: Mr. Fischer's right to do whatever he wanted with the money **after**

4

he received it, and his inability to require the annuity payor to do anything other than make monthly payments to him.

First Colony's pertinent obligation, as set out in the settlement agreement, was to make payments for 15 years. Those payments were to be made to Mr. Fischer while he was alive, and after his death, to his beneficiary.

As was mentioned above, the original beneficiary of the annuity was Mr. Fischer's estate. Mr. Fischer could have left that designation alone and directed his estate to distribute the proceeds from the annuity to Ms. Fischer. Instead, he changed the beneficiary. Regardless of the arrangements that Mr. Fischer had with his former spouse or Androscoggin Savings Bank, First Colony's current obligation is discharged by sending a $500 check each month to Ms. Cook. When Mr. Fischer was no longer the "payee, " First Colony was no longer obliged to make payments to the place chosen by him. The right to choose a place for the deposit of payments shifted to the beneficiary of the annuity -- Ms. Cook.

Even if the court accepted, *arguendo*, that there had been a valid assignment of benefits, that assignment ended with Mr. Fischer's death.

The non-assignment clause was included in the contract so that First Colony could take advantage of favorable treatment under §130 of the Internal Revenue Code. The parties to the settlement expressly agreed to the non-assignability of the annuity proceeds. The language prohibiting assignment is unambiguous. Therefore the attempted assignment to Mrs. Fischer is invalid.

5

## ORDER

For the reasons stated above, Judgment is granted to First Colony on both counts of plaintiff's amended complaint.

## DOCKET ENTRY

The Clerk is directed to incorporate this Order in the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: October 25, 2001

Ellen A. Gorman